**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PPS DATA, LLC,

    Plaintiff/Counterclaim-Defendant,

vs.                                                                   Case No. 3:11-cv-747-J-37TEM

AVAILITY, LLC, and REALMED
CORPORATION,

    Defendants/Counterclaim-Plaintiffs.

**ORDER**

This matter is before the Court on the following:

1.     Plaintiff PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 19), filed August 26, 2011;

2.     Plaintiff PPS Data, LLC's Motion for Hearing on Motion to Dismiss Counterclaims (Doc. No. 20), filed August 26, 2011;

3.     Defendants Availity, LLC and RealMed Corp.'s Opposition to Plaintiff PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 27), filed September 12, 2011; and

4.     Defendants Availity, LLC and RealMed Corp.'s Opposition to Plaintiff PPS Data, LLC's Motion for Hearing (Doc. No. 28), filed September 12, 2011.

As an initial matter, the Court agrees with Defendants that oral argument is not necessary and will not assist the Court in its consideration of the issues raised in Plaintiff's Motion to Dismiss. The Motion and opposition thoroughly address the issues. Therefore, the Court denies Plaintiff's Motion for Hearing.

**BACKGROUND**

This is a patent infringement case. Plaintiff alleges, in separate counts, that Defendants' "Availity Health Information Network" service and "RealMed Central" system infringe certain claims of U.S. Patent No. 6,343,271 ("the '271 Patent"), U.S. Patent No. 6,341,265 ("the '265 Patent"), and U.S. Patent No. 7,194,416 ("the '416 Patent"). Defendants served an Answer to the Complaint on August 28, 2011, in which they assert two counterclaims. In their first counterclaim, Defendants contend that they have not infringed any claim of the three patents identified by Plaintiff. In their second counterclaim, Defendants contend that every claim of the asserted patents are invalid "for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132." (Doc. No. 17, p. 8.)

Plaintiff now moves to dismiss Defendants' counterclaims for failure to comply with the pleading standards of the Federal Rules of Civil Procedure.

**APPLICABLE STANDARDS**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents

central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

As this Court noted recently in an Order in a related case,[1] *Iqbal* and *Twombly* require something more than bald assertions unsupported by factual allegations. The counterclaims asserted in this case, unfortunately, allege almost no facts. They name the asserted patents, but otherwise contain sparse and formulaic recitations that all the claims of those patents are not infringed and invalid. It is not as if the Federal Rules of Civil Procedure fail to provide a clue as to the minimal pleading requirements. The authors of the Rules appended an exemplary form for a patent infringement claim. Form 18 includes factual allegations as to (1) the patents at issue, and (2) the alleged infringing product. It is simple, and provides the necessary notice to the accused infringer. There is no reason why a counterclaim seeking a declaratory judgment as to non-infringement cannot be framed in a similar manner.

Likewise, Defendants' second counterclaim provides no factual basis for its invalidity assertions. Rather, Defendants simply point to the Patent Act and proclaim the patents invalid. Allegations devoid of fact fail completely in view of the pleading standards announced in *Iqbal* and *Twombly*. Further, since the Patent Act provides over twenty possible defenses to a claim of patent infringement, *Panduit Corp. v. Denninson Mfg. Co.*, 810 F.2d 1561, 1570 (Fed. Cir. 1987), Defendants' counterclaim provides no notice to the patent owner whatsoever as to the basis of the counterclaim.

---

[1] *See* Document Number 125 in *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273-J-37TEM.

Defendants' counterclaims are also impermissibly broad and likely go beyond the scope of relief authorized by the Declaratory Judgment Act. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the U.S. Supreme Court explained, "Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " In other words, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (emphasis added). Thus, the scope of a permissible declaratory judgment turns on the facts alleged in the complaint and counterclaim.

The only factual allegations presented to the Court are those made in Plaintiff's Complaint. Those claims are directed to only certain claims of the patents at issue and related only to Defendants' "Availity Health Information Network" service and "RealMed Central" system. Therefore, applying *MedImmue*, the Court concludes Defendants have failed to meet their burden of showing that this Court may entertain their declaratory judgment claim concerning their non-infringement generally–unbound by factual allegations of an accused product, service or conduct–and concerning the invalidity of the claims of the

4

patents at issue that have not been asserted by Plaintiff.[2]   Those counterclaims shall be limited by the factual allegations placed before the Court.

For these reasons, Plaintiff's Motion is well-taken.[3]

## CONCLUSION

In view of the above, the Court **GRANTS** Plaintiff PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 19), and **DENIES** Plaintiff PPS Data, LLC's Motion for Hearing on Motion to Dismiss Counterclaims (Doc. No. 20).  Defendant may, on or before February 8, 2012, file and serve an amended answer and counterclaim.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 26, 2012.

_____
ROY B. DALTON JR.
United States District Judge

---

[2]  Furthermore, even if the counterclaims provide a sufficient basis to find a case or controversy exists between the parties, the Court declines to exercise its jurisdiction under the Declaratory Judgment Act over any claims lacking a sufficient factual predicate.  *See, e.g.*, *Grain Processing Corp. v. Am. Maize-Products Co.*, 840 F.2d 902, 905-06 (Fed. Cir. 1988) (affirming district court's decision to entertain invalidity counterclaims).  This Court will not give Defendants a judicial imprimatur that all of their products, services, and conduct are "ok."

[3]  The Court also notes that Defendants' counterclaims, if they choose to file an amended pleading, should comply with Federal Rule of Civil Procedure 10(b) admonition that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  The Court considers each patent at issue a separate transaction or occurrence. When litigants lump multiple patents in a count, the challenged claims become difficult to ascertain and trace throughout the court record. Therefore, to "promote clarity," Defendants shall bring their include claims of non-infringement or invalidity against only one patent in each count.

5

Copies:

counsel of record