**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PPS DATA, LLC,

          Plaintiff,

vs.                                      Case No. 3:11-cv-747-J-37TEM

AVAILITY, LLC, and
REALMED CORPORATION,

          Defendants.

_____

**ORDER**

This cause is before the Court *sua sponte*.

**BACKGROUND**

This is one of several patent infringement suits pending before the Court that was brought by the same plaintiff alleging various Defendants infringed the same three patents, U.S. Patent No. 6,343,271 ("the '271 Patent"), U.S. Patent No. 6,341,265 ("the '265 Patent"), and U.S. Patent No. 7,194,416 ("the '416 Patent"). In this suit, Plaintiff PPS Data, LLC alleges Defendants' computer programs infringe claims 1-2, 7, 10, 12 and 17-19 of the '271 Patent, claims 1-5, 10-16. and 18-27 of the '265 Patent, and claims 1-12 of the '416 Patent. (Doc. No. 1.)

The patents are directed to computer systems used to prepare, transmit and settle health insurance claims. *See, e.g.*, '271 Patent, col. 3, l. 65 to col. 4, l. 5. Their disclosures overlap significantly and, in some places, are identical. The same four inventors are disclosed on the face of each patent. Further, although the claims of each Patent are drafted to claim distinct inventions, upon close inspection all of the asserted claims appear

to be different ways of claiming a closely-related class of inventions.[1]

The patents are derived from two patent applications.  The '271 Patent is the only patent in this suit from the first patent family.  It matured from U.S. Patent Application No. 09/118,668, which was filed in the  U.S. Patent and Trademark Office ("PTO") on July 17, 1998.  It issued on January 29, 2002.  The remaining patents are part of a second patent family.  The '265 Patent matured from U.S. Patent Application No. 09/204,886, which was filed in the PTO on December 3, 1998.  The issued claims of the '265 Patent contains are all method claims.  The '416 Patent is a continuation of this application.  The issued claims of the '416 Patent are drawn to a computer program product.

After the initiation of this suit, a defendant in another suit requested that the PTO initiate an *ex parte* reexamination of the '271 Patent.  The PTO granted the petition on December 29, 2011, and began to reexamine the patentability of claims 1-2, 7, 10, 12, and 17-19 of the '271 Patent. (Doc. No. 61-1.)  In doing so, the PTO found that U.S. Patent No. 6,208,973 teaches the pre-adjudication, auto-adjudication and manual adjudication of insurance claims. (*Id.*)  The PTO also determined that U.S. Patent No. 6,208,973 was not cited during the prosecution of the '271 Patent and was not cumulative of the prior art noted in the file wrapper. (*Id.*)

---

[1] This is not to say the Court concludes that the claims are drawn to the same subject matter.  The Court understands each claim is drafted in such a way as to cover distinct inventions.  Nevertheless, it is also clear that the claimed inventions are closely related and fall within a narrow class of inventions.

In view of the pending reexamination of the '271 Patent, and the arguments and motions made by the parties in two related cases,[2] the Court considers *sua sponte* the appropriateness of a stay in this case.

## APPLICABLE STANDARDS

This Court's inherent power extends to the management of its docket, including "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Such a stay allows courts to take advantage of the PTO's specialized expertise in patents in order to reduce and streamline litigation. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."). Courts have noted a "liberal policy in favor of granting motions to stay proceedings," especially when cases are still in the initial stages of litigation. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Nevertheless, the Court is not obligated to stay these proceedings while there is a pending patent reexamination. *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 1655625, at *3 (N.D. Cal. 2007). Generally, if a stay would "more likely than not delay the district court proceedings without any countervailing benefit, the court should proceed with the merits of the case without the benefit of the Patent Office reexamination." *Agar Corp. v. Multi-Fluid Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex. 1997).

---

[2] The related cases in which motions for stay were filed are: *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273-J-37TEM; and *PPS Data, LLC v. Athenahealth, Inc.*, No. 3:11-cv-746-J-37TEM.

Courts have considered the following three factors when evaluating requests for a stay: (1) whether discovery is completed and whether a trial date is set; (2) whether a stay would simplify the claims and issues; and (3) whether a stay would unduly prejudice or create a tactical disadvantage for the non-moving party. *See IMAX Corp. v. In-Three, Inc.,* 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005).

## ANALYSIS

The first factor weighs in favor of granting the stay. Discovery is ongoing, but it is in the early stages. The claim construction deadlines have not passed, and no dispositive motions have been filed or will be filed for many months. In these circumstances, a stay is warranted. *See Yodlee, Inc. v. Ablaise Ltd.*, No. C-06-07222, 2009 WL 112857 at *4 (N.D. Cal. Jan. 16, 2009) ("These related cases are still at an early stage of litigation, and this factor weighs in favor of a stay."); *Research in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (granting stay when "no briefing on claim construction or dispositive motions have been filed").

A stay would also simplify the claims and issues in this case. Each and every claim of the '271 Patent asserted by Plaintiff in this suit is subject to reexamination by the PTO. Thus, those proceedings will substantially overlap with the proceedings before the Court. Further, the actions of the PTO in the reexamination proceedings may have a profound impact on the claims and damages Plaintiff may assert in this case with regard to the '271 Patent. *See Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate."). As noted by the U.S. District Court for the

4

Southern District of California,

> Although there is a chance the patent claims will emerge from the reexamination process unchanged, the statistics indicate that is unlikely. What is likely is the claims will be either amended or canceled, and if that is the case, a stay will simplify the issues and trial of this case. Cancellation of the claims will result in the ultimate simplification of this case: It will be dismissed.  Amendment of the claims will also simplify the issues in numerous ways.  Most importantly, it will set the groundwork for the case. With the claims in reexamination, the parties are litigating this case on a bed of shifting sand.  The sole basis for the case, the patent claims, are, at this time, uncertain.  Staying the case will allow the ground to settle, and may avoid unnecessary and duplicative work.  Furthermore, staying the case pending reexamination will allow the parties to complete the prosecution history, which will inform the parties' and the Court's constructions of the asserted claims.  Under these circumstances, this factor weighs in favor of a stay.

*Tierravision, Inc. v. Google, Inc.*, No. 11cv2179, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).

Moreover, given the nature of the three patents in this suit, the reexamination proceedings of the '271 Patent will likely provide the Court with additional insight as to the proper construction and scope of the claims of the '265 Patent and the '416 Patent.  The disclosures of these three patents are closely-related.  The reexamination proceedings will almost certainly involve arguments relating to the adjudication of insurance claims.  While adjudication is only a claim element in the '271 Patent, the arguments presented by Plaintiff will be relevant to the methods and software products claimed in the '265 Patent and the '416 Patent. Indeed, Plaintiff admits in its response in a related case that it will need to "advance substantive positions during the reexamination" which could be used later by its opponents in this litigation.  (*See PPS Data, LLC v. Athenahealth, Inc.*, No. 3:11-cv-746-J-37TEM, Doc. No. 68, p. 12.)  The Court is not inclined to proceed in this case if Plaintiff intends to advance positions before the PTO which will materially affect the positions it

takes before this Court.  New, materially changed positions should not "pop-up" during the course of litigation.  Such changes interfere with the orderly handling of discovery and trial, and prevent the Court from discharging its duty to "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

As for the final factor, the Court concludes that there will be no undue prejudice if these proceedings are stayed while the reexamination of the '271 Patent runs its course. In fact, the arguments made by Plaintiff in *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273-J-37TEM, against granting a stay suggest that it would be wasteful and inefficient to proceed in any case in which Plaintiff has asserted claims of the '271 Patent.  The only prejudice is that the reexamination process takes time.  However, since the "delay inherent in the reexamination process does not constitute undue prejudice," this factor weighs in favor of granting a stay.  *AT & T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011).

Given all three factors weigh in favor of granting a stay, the Court finds Defendant's Motion is due to be granted.

## CONCLUSION

In view of the foregoing, it is hereby **ORDERED**:

1.      This case is **STAYED**.  The Clerk is directed to terminate all pending motions and case management deadlines, and vacate the trial setting and all hearings.  The Clerk shall thereafter administratively close this file.

3.      The parties may reopen this case by filing a notice no later than seven calendar dates after receipt of the PTO's final action in the reexamination

proceeding.  The notice shall include a copy of the PTO's final action.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on March 1, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

7